IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LAVITA DAUGHRITY,<br>  PLAINTIFF, | )<br>)<br>)<br>) |
| vs. | )  No. 2:10-cv-02013<br>)  JURY TRIAL DEMANDED |
| JOHN DOE AND<br>ALLSTATE INDEMNITY COMPANY<br>AND WATER DIVISION | )<br>)<br>) |
|   DEFENDANT. | )<br>)<br>) |

## AMENDED COMPLAINT

COMES NOW, your Plaintiff, Lavita Daughrity, resident citizen of Memphis, Shelby County, Tennessee, for this cause of action against the Defendants John Doe and Allstate Insurance Company would respectfully state as follows:

## FACTS

On or about May 1, 2008 and May 10, 2008 the Plaintiff Lavita Daughrity was the owner of property located at 4002 Hitchcock Drive, Memphis, Tennessee 38128.   The plaintiff's property is located in Memphis, Shelby County, Tennessee.

 1.  On the above reference dates the Plaintiff was notified of a fire at the above reference address.

 2. On or about May 1, 2008, the Plaintiff's called her friend Booker Smith to come to the house because she smelled gas in the house.  She left and stayed with her brother.  Mr. Smith put candles throughout the house in an attempt to alleviate the smell

of gas in the house.  Sometime after he left the house at 4002 Hitchcock Drive caught on fire.

3.  The Fire Department responded and brought the fire under control and extinguished it.

4.  It was determined that the origin of the fire was unknown.

5.  Subsequently on May 10, 2008, another fire was discovered at the same residence and its origin was determined unknown.

6. At all times the property was insured by Allstate Insurance Company. The Plaintiff notified Allstate Insurance Company and informed them about the fires and the damaged that was caused by it.

7. The matter was assigned to Wilbur Jordan (Claims Dept) for Allstate and assigned claims number 0110437092 for the incident of May 1, 2008, and claim number 0110776572 for the incident of May 10, 2008.

8. The Plaintiff was informed that the claims were being investigated and alternate living accommodations will be provided while the matter was being investigated.

9. Suddenly and without warning to the Plaintiff her benefits of alternate living accommodations and living expenses were withdrawn by the Defendant.

10. For the first time the Plaintiff was told that the matter was being investigated for wrong doing.

11. The Plaintiff made her intention known to cooperate fully with the investigation and begged Allstate not to cut off her living arrangements and expenses because she had no place to go.

12. Despite having requested that Allstate not interrupt her living arrangements, the Plaintiff along with her children was forced to move from the replacement housing.

13. The Plaintiff and her friend Booker Smith submitted to recorded statements to comply with terms of her insurance policy.

14. After an exhaustive period of time the plaintiff was notified that her claims were being denied for concealment or fraud.

15. As a direct and proximate result of Allstate's conduct and disregard of its obligations under the policy of insurance, the Plaintiff suffered damages in the loss of her home. Intentional emotional distress by being forced to find replacement accommodations for her children, and mental anguish.

16. Additionally Allstate's outrageous and reckless conduct caused emotional distress on the children as well.

**I.    (Violation of the Tennessee Consumer Protection Act)**

17. All previous allegations are incorporated here as if the same were here set forth and re-alleged in their entirety.

18. Defendant violated the Tennessee Consumer Protection Act (T.C.A. 47-18-101) in that its misrepresentation and fraud are deceptive in such a way as to evidence a common design to achieve an unlawful objective of depriving the Plaintiff of her insurance coverage.

19. In furtherance of its common design to deceive the Plaintiff, Defendant represented to the Plaintiff that as long as she paid her insurance premiums she would have insurance coverage for accidental fires.

20. Also in furtherance of its common design, Defendant traditionally denies

Parties' claims for fire damage in an attempt deprive its purchasers from having insurance coverage that have been paid for by the insured people such as the Plaintiff.

21. As a direct and proximate result of the Defendant's deceptive acts and common design, the Plaintiff was deprived of insurance coverage, and deprived of an opportunity to receive what she bargained with the Defendant.

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendants, for treble damages and attorney fees pursuant to the Tennessee Consumer Protection Act and any further relief as this Court seems just and proper.

## II. BREACH OF CONTRACT

22. All previous allegations are incorporated here as if the same were here set forth and re-alleged in their entirety.

23. There was a contract;

24. The Defendant, Allstate had knowledge of the existence of the contract;

25. The Defendant, Allstate intended to bring about or cause its breach;

26. The Defendant, Allstate acted maliciously;

27. The contract was in fact breached when Allstate failed to cover damage that was covered by the above mentioned fire;

28. Defendant Allstate's actions were the legal cause of the breach;

29. Plaintiff was ready and able to perform plaintiff's part of the contract at the time of the breach; and Plaintiff suffered damages as a result of the breach.

### III. BAD FAITH

30. All previous allegations are incorporated here as if the same were here set forth and re-alleged in their entirety.

31. A penalty may be assessed against an insurance company that fails to act in good faith by refusing to pay a claim filed against an insurance policy. The plaintiff must be entitled to recover under the insurance policy before a penalty can be assessed.

32. An insurance company owes to its policyholders the duty to use good faith and diligence in responding to claims. Defendant, Allstate did not use good faith if it frivolously or unjustifiably refused to comply with the policyholder's demand to pay according to the terms of the policy. If there is any reasonable ground for the insurance company's failure to pay the claim, the insurance company has acted in good faith. Negligence, which is the failure to use ordinary care, does not in itself constitute bad faith. The insurance company's negligence or lack of negligence, however, may be a factor in determining whether the insurance company failed to act in good faith.

33. If the insurance company failed to act in good faith, the plaintiff may recover additional damages from the insurance company measured by the additional expense, loss, or injury caused by the plaintiff by the insurance company's conduct. The additional amount cannot exceed 25% of the damages you have previously awarded to plaintiff

WHEREFORE, your Plaintiff, Lavita Daughrity, prays:

1. For a judgment against the Defendant in a sum in excess of One-Hundred Thousand No/100 Dollars ($100,000.00) and costs, and demands a jury to try this action.

2. Plaintiff, Lavita Daughrity, be awarded Two Hundred Fifty Thousand and

No/100 Dollars ($250,000.00) in punitive damages.

## IV. PUNITIVE DAMAGE

34. All previous allegations are incorporated here as if the same were here set forth and re-alleged in their entirety.

35. Plaintiff submits she is entitled to punitive damages in this matter because the Defendants have a calculated history of delaying, denying and maliciously treating its policy holders.

36. The Defendant have engaged in a pattern of conduct and practices to trick its policy holders into relinquishing their claims against them as laid out and exhibited in the McKinsey report.

37. Conduct of this nature can not be tolerated in civilized society and the Defendant should be liable for punitive damages to punish them for the conduct that it exhibits to its policy holders such as the Plaintiff.

38. In fact the Court should award punitive damages because the Defendants knew the Plaintiff had nowhere to go with her minor children and it took affirmative action to throw them out on the street after the Plaintiff's begged them.

WHEREFORE, your Plaintiff, Lavita Daughrity, prays:

1. For a judgment against the Defendant in a sum in excess of One Hundred Thousand No/100 Dollars ($100,000.00) and costs, and demands a jury to try this action.

2. Plaintiff, Lavita Daughrity, be awarded punitive damage in amount that the jury determines to punish the Defendant for its conduct.

                Respectfully submitted,

                s/Darrell J. O'Neal

                _____
                DARRELL J. O'NEAL (BPR #20927)
                JEROME PAYNE (BPR #016243)
                Attorneys for Plaintiff
                2129 Winchester Road
                Memphis, TN 38116
                (901) 345-8009

## CERTIFICATE OF SERVICE

I, Darrell J. O'Neal, hereby certify that I have forwarded a copy of the foregoing document on 26th day of June 2010 at the following:

David M. Waldrop, Esq.
Attorney for Allstate Insurance Company
9032 Stone Walk Place
Germantown, Tennessee 38138

                s/Darrell J. O'Neal

                _____
                Darrell J. O'Neal